## Commonwealth v. Nottage.

*H. R. Stees* and *H. G. Teel,* for Commonwealth; *E. J. Flynn,* for defendant.

EVANS, P. J., Jan. 28, 1929.—This proceeding was commenced by warrant issued in the name of the Commonwealth.

The information and transcript disclose that the defendant is charged with reckless driving of an automobile in the Township of Conyngham, in this county, on Sept. 1, 1928; that the information was lodged before S. F. Shoup, a justice of the peace, on Oct. 2, 1928, more than thirty days after the alleged reckless driving occurred; that the warrant was issued the same day; that the defendant was arrested Oct. 3rd and taken before Robert P. Farrell, a justice of the peace in the Borough of Centralia, where he gave bail in the sum of $300 for his appearance at the next sessions of the court.

The reasons urged for quashing the proceedings are:

"1. Because the transcript in this case does not disclose that there was a compliance with the Vehicle Code.

"2. Because there is nothing whatever contained in the transcript to indicate the nature of the proceeding to which the defendant must plead, the

information alleging an offense on Sept. 1, 1928, the warrant issued on Oct. 2, 1928, and the arrest being made on Oct. 3, 1928.

"3. That if the proceeding is under section 1001 of the Vehicle Code, the court is without jurisdiction to try the defendant under that section, because there is a non-compliance with the provisions of section 1205 of the Vehicle Code.

"4. That the transcript of the justice of the peace is not self-sustaining."

Sub-section A of section 1001 of the Act of May 11, 1927, P. L. 886, 960, defines reckless driving thus: "(A) Any person who drives any vehicle upon a highway carelessly and wilfully or wantonly disregarding the rights or safety of others, or in a manner so as to endanger any person or property, shall be guilty of reckless driving."

Section 1203 of the act, Summary Offenses, provides:

"Any person violating the provisions of any of the following sections or subsections of this act shall, upon summary conviction before a mayor, burgess, magistrate, alderman, or justice of the peace, be sentenced to pay the following fines and costs of prosecution and, upon non-payment thereof, to undergo imprisonment in the county jail for the terms indicated for each offense:

"(b) Violating any of the provisions of sections (among them 1001), twenty-five dollars or, upon non-payment thereof, to undergo imprisonment for not more than ten (10) days."

Section 1204 of the act provides that all prosecutions for offenses defined in this act, except as otherwise herein provided, committed by any person, shall be brought under this act and not under any local ordinance, rule or regulation.

Section 1205 of the act provides that proceedings under this act may be commenced by warrant issued in the name of the Commonwealth; that a copy of the information shall be served with such warrant; that before the service of any warrant and within the period of seven days after the information has been lodged, the mayor, burgess, magistrate, alderman or justice of the peace (issuing the warrant) shall mail to the person so charged a notice in writing of the issuing of the warrant, together with a copy of the information; and if the person named in the warrant shall not voluntarily appear within ten days thereafter, the warrant may then be served; that all informations charging violations of any of the provisions of this act, except in cases where the offense is designated a felony or misdemeanor, shall be brought within two weeks after the commission of the alleged offense, and not thereafter.

The reasons for quashing this proceeding must be sustained for the following reasons:

(a) The proceeding was not commenced within two weeks after the reckless driving occurred, as required by paragraph 4 of section 1205 of the act.

(b) A copy of the information and notice in writing of the issuing of the warrant were not mailed to the defendant by the justice of the peace issuing the warrant ten days before the warrant was served, as required by paragraph 3 of section 1205 of the act.

And now, Jan. 28, 1929, the reasons for quashing the proceeding are sustained and the proceeding is quashed and set aside, and the defendant, John Nottage, is discharged from his recognizance.

We make no order with respect to the payment of the Commonwealth's bill of costs in this case, amounting to the sum of $59.88; but in no event should the same be paid by or charged to the County of Columbia.

From R. S. Hemingway, Bloomsburg, Pa.